# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1674V
(not to be published)

| | |
|---|---|
| DAVID GRISWOLD,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*William I. Goldsmith*, Goldsmith & Hull, APC, Northridge, CA, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 29, 2019, David Griswold filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") caused-in-fact by the influenza vaccine he received on October 31, 2016. Petition at 1, ¶¶ 2, 20. On July 8, 2022, I issued a Decision awarding compensation to Petitioner, based upon Respondent's proffer. ECF No. 41.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $37,527.22 (representing $33,996.00 in fees and $3,531.22 in costs). Motion for Fees and Costs, filed Feb. 3, 2023, ECF No. 47. In addition, in accordance with General

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at ¶ 16.

Respondent reacted to the motion on Feb. 6, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 48. Petitioner did not file a reply thereafter.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*Hourly Rates Requested*

Petitioner requests compensation for attorney William I. Goldsmith at hourly rates of $450 for time billed from late July 2019 through mid-June 2022, and $495 for time billed mid-June 20222 through late January 2023. ECF No. 47-2. Additionally, he requests compensation for paralegal Jennifer Meyers at an hourly rate of $150 for time billed from late September 2019 through early February 2023. ECF No. 47-3.

Previously, attorney's fees have been awarded for the work of these two attorneys based upon the following hourly rates:

|  | **2019** | **2020** | **2021** |
|---|---|---|---|
| William I. Goldsmith | $440 | $460 | $480 |
| Paralegal: Jennifer Meyers | $148.59 | $148.59 | $148.59 |

*E.g., Behar v. Sec'y of Health & Hum. Servs.,* No. 18-0280V, 2022 WL 17850349, at *5-6 (Fed. Cl. Spec. Mstr. Oct. 31, 2022). Although the requested hourly rate for time billed for Mr. Goldsmith's work in 2019 is slightly greater than the rate was previously awarded ($450 vs. $440), the requested hourly rate for time billed in 2020 and 2021 is slightly lower than previously awarded ($450 vs. $460 and $480). Additionally, I find the hourly rate of $495 – representing an increase of $15, for time billed in June 2022 and early 2023, to be reasonable. Therefore, I will make no adjustments to the rates requested for Mr. Goldsmith's work (although in future cases counsel must make sure to request only rates he has previously received).

Similarly, I find the hourly rate of $150 requested for time billed by Ms. Meyers in 2019 through 2023 to be reasonable. Although slightly greater than the rate previously awarded ($148.59 vs. $150),[3] it is within the ranges for paralegal work performed in 2019 through 2021, and slightly lower than the ranges for 2022 and 2023. *See* Attorneys' Forum Hourly Rate Fee Schedules at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023).

---

[3] *Behar,* 2022 WL 17850349, at *5-6.

*Hours Billed*

I note this case required additional briefing regarding the issue of entitlement, specifically the Vaccine Act's severity requirement. *See* Rule 4(c) Report, file Mar. 22, 2021, ECF No. 26 (indicating Respondent's only objection to entitlement was regarding severity); Petitioner's Response to Respondent's Rule 4(c) Report, filed May 7, 2021, ECF No. 28; Petitioner's Response to my Order to Show Cause, filed Mar. 7, 2022, ECF No. 34. Mr. Goldsmith expended 5.0 hours preparing these two responses (ECF No. 47-2 at 3, 5), and Ms. Meyers expended 2.0 hours working on Petitioner's response to my order (ECF No. 47-3 at 5). I find this amount of time to be reasonable.

Furthermore, Mr. Goldsmith spent one hour of time on October 24, 2019, researching causes, diagnoses, and treatment of GBS. ECF No. 47-2 at 1. Although time spent on research is generally not compensated,[4] I will allow this small amount of time, which no doubt helped the case progress more efficiently.

However, I find several reductions in the amount of hours billed to be appropriate. Both Mr. Goldsmith and Ms. Meyers have billed more time than should be required to perform simple tasks which should require no more than a few minutes of time.[5] Because (based on my overall review of the invoices submitted) this excessive time represents approximately ten percent of the total time billed in this case, I will reduce the amount of attorney's fees by this percentage, resulting in a reduction of **$3,399.60.**[6]

Additionally, on February 2, 2023, Ms. Meyers billed 8.0 hours updating, transferring, and recovering lost billing from the law firm's computer hack. ECF No. 47-3 at 7. Although it is unfortunate that the law firm suffered this loss of data, time spent rectifying the situation is not properly billed to the Vaccine Program. Instead, this type of overhead office cost is deemed already included within the attorney hourly rate. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Mostovoy v. Sec'y of Health &*

---

[4] *Matthews v. Sec'y of Health & Hum. Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016); *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

[5] For example, on October 29, 2019, Mr. Goldsmith billed a total of 1.2 hours to review the following five documents: 1) the designation of electronic filing, 2) the order directing entry of appearance, 3) the notice of appearance for Respondent's counsel, 4) the notice of assignment, and 5) the notice of assignment to me. ECF No. 47-2 at 1. Similarly, Ms. Meyers billed a total of 2.0 hours to review those same documents. ECF No. 47-3 at 1-2.

[6] This amount is calculated as follows: $33,996.00 x .10 = $3,399.60.

4

*Hum. Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Therefore, I reduce the hours billed by Ms. Meyers by this amount. This reduction results in a reduction of **$1,080.00**.[7]

### ATTORNEY COSTS

Petitioner requests $3,531.22 in overall costs. ECF No. 47-4. He has provided receipts for all expenses. *Id.* The receipt from Petitioner's expert Tahlia Spencer, M.D. indicates she expended 6.5 hours of time, billed at an hourly rate of $450. I find this rate and amount of time reasonable, and will allow reimbursement of all costs. And Respondent offered no specific objection to the rates or amounts sought.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$33,047.62 (representing $29,516.40 in fees and $3,531.22 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[7] Because the total amount of attorney's fees requested has already been reduced by ten percent, the disallowed hours now total 7.2. This amount is calculated as follows: $150 x 7.2 hrs. = $1,080.00.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.